OPINION OF THE COURT — m the
Hon. J. R. NICHOLSON.
The complainant states that she intermarried with defendant in May, 1826, and that immediately suceeeding the solemnization of their mar_ riage, they lived together in that-harmony and conjugal endearment, which should at all times characterize the married state: that she acted the pari of a dutiful and affectionate wife, until compelled by the cruel treatment of defendant to separate from him, and seek protection elsewhere. Complainant further states, that for the last eight months, defendant had, by his acts of extreme cruelty, rendered her life miserable. She also states, that n proportion to her submissiveness to his acts of violence, this brutal conduct increased; she positively charges, that he whipped her severely with riding whips, switches, &c.; and at one time he struck her with a large cane: that he has knocked her down with his fisfseveral times, and inhumanly heather, when down; — that at another time, he struck her with a dirk, which caused the blood to flow, and a lameness to ensue for some time afterwards. Complainant also charges, that a few days before the delivery of her child, and whilst she was lying in, the defendant most savagely beat and abused her, regardless of her delicate situation: that but a short time previous to her filing her bill, the defendant had inflicted upwards of one hundred lashes upon her, and swore that he would beat her to death if she ever returned to his house again. She also expressly charges, that from the threats and past conduct of defendant, she considered her person and life in danger if she continued within his power; and that every prospeet of that peace and domestic happiness which their marriage in its incipient state had promised, had. entirely fled. The complain *475 ant further states, that at the time of her intermarriage'with the defendant, she was possessed of a tract of land in Adams county, and eight negro slaves, horses, &c.: that the said William had.but two slaves, and subsequent to the marriage, acquired two others, &c. These are the allegations set forth in complainant’s bill, and sworn to by herself and brother, Lewis Stowers. The1 answer denies the cruel treatment, but admits that he was compelled, from her turbulence and ill temper, to chastise her; and he sets up, by way of avoidance to her claim of alimony, her infidelity to the marriage bed. That adultery in the wife may be set up as a bar to her claim for alimony, is a principle too well settled to admit of doubt: 2 Kent. 104-5; 4 Equity Rep. .94. Whether the complainant has so acted as to bar her claim to alimony and a divorce from bed and board, must depend upon the testimony in the case. The only witness on behalf of the defendant which supports the charge of adultery, is John K. Hunter. This witness has the effrontery to come forward, and in the open blaze'of méri-<dian light, tell his tale of turpitude and baseness, and acknowledges freely, and without compulsion or restraint, that he has had illicit intercourse with the complainant. This witness is a straggling, itinerant overseer, whose ■credibility is impeached,' and whose character for veracity is completely uprooted by the testimony of several respectable witnesses. From the testimony of several- of the defendant’s witnesses, it is probable that in some instances, the conduct of the complainant has been (to say the least of it) imprudent-, and it would seem that a woman must be possessed of an extraordinary share of patience and self control, when harassed with, a drunken and jealous husband, if she were not occasionally to overstep the strict rules of female propriety. It is a notorious fact, that wherever the green-eyed monster, jealousy, lays hold on the brain of a credulous husband, “visions light as air soon' become strong as proofs of Holy writ.” On the other hand, the testimony of sundry respectable witnesses establish the character of complainant for chastity and virtue, from her infancy up to the filing of her bill. Some of complainant’s witnesses testify that they ■saw complainant much beaten and abused: others that defendant told them be had whipped her, and would do it again. It is also proven that he abused her and left her about the time of the birth of her child. A man who •rould thus treat and abuse her, -who of all others, ought to reeéive luis *476 constant protection and support, is not fit to rule and have ‘dominion over a lovely and dependant female. A majority of tho court is, therefore, of opinion, that a decree be made, divorcing the said complainant from the bed and board of the said defendant, and that complainant shall be restored to the possession of her said tract of land, and receive one half of the personal property in kind, and that commissioners be appointed to make partition of the same.